UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION<br>21205 Little Tree Drive<br>Watertown, New York 13601-0719,<br><br>and<br><br>JULIUS SÄMANN LTD.<br>Victoria Place<br>31 Victoria Street<br>Hamilton HM 10, Bermuda,<br><br>                Plaintiffs,<br><br>     v.<br><br>AIR FRESHENERS, INC. d/b/a SCENT USA<br>2980 Marco Street<br>Las Vegas, Nevada, 89115,<br><br>and<br><br>SLAWOMIR M. WARZOCHA<br>a/k/a MICHAEL WARZOCHA<br>745 Lava Falls Drive<br>Las Vegas, Nevada, 89110,<br><br>                Defendants. | Civil Action No: 7:10-CV-1491<br>         (GTS/GHL)<br><br>**COMPLAINT and**<br>**JURY DEMAND** |

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

      Plaintiffs, Car-Freshner Corporation ("CFC") and Julius Sämann Ltd. ("JSL"), allege as follows:

**Nature of the Action**

      1.     This action is for (I) federal trademark infringement, (II) federal false designation of origin, (III) common law trademark infringement, (IV) common law unfair competition, (V) contributory trademark infringement, unfair competition and dilution, (VI) federal dilution, (VII) dilution under New York law, and (VIII) violation of a prior consent judgment of this Court and

an agreement of the parties.

## Jurisdiction and Venue

2. The Court's jurisdiction over Counts I, II, V, VI and VIII is based upon 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a). The Court's jurisdiction over Counts III, IV, and VII is based upon 28 U.S.C. §§ 1367(a) and 1338(b).

3. On information and belief, the Court has jurisdiction over Defendants pursuant to one or more of the provisions of CPLR §§ 302(a)(1)-(3) and/or BCL §§ 1314(b)(1)-(5).

4. On information and belief, venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## The Parties and Their Businesses

5. CFC is a Delaware corporation that has its principal place of business at 21205 Little Tree Drive, Watertown, New York 13601-0719.

6. JSL is a Bermuda corporation that has a place of business at Victoria Place, 31 Victoria Street, Hamilton HM 10, Bermuda.

7. On information and belief, Defendant Air Fresheners, Inc. d/b/a Scent USA ("Scent USA") is a Nevada corporation that has a place of business at 2980 Marco Street Las Vegas, Nevada, 89115.

8. On information and belief, Defendant Slawomir M. Warzocha a/k/a Michael Warzocha ("Warzocha") is a Nevada resident who resides at 745 Lava Falls Drive, Las Vegas, Nevada, 89110.

9. On information and belief, Warzocha is an officer and director of Scent USA, controls its corporate affairs, has primary responsibility for the operation and management of Scent USA, and has a direct financial interest in that corporation.

10. On information and belief, Warzocha personally took part in the infringing, unfairly competitive and dilutive activities, and the violation of the Consent Judgment, alleged in this Complaint.

11. On information and belief, Warzocha either took part directly and/or specifically directed employees to take part in the infringing, unfairly competitive and dilutive activities, and the violation of the Consent Judgment, alleged in this Complaint.

12. On information and belief, Defendants are manufacturers and suppliers of air fresheners (also known as deodorizers) including such items intended for advertising and promotional purposes (collectively, "Defendants' Air Fresheners").

13. On information and belief, Defendants' business of selling Defendants' Air Fresheners is conducted, at least in part, through web sites located at http://www.scentusa.com, http://www.promoscent.com, and http://www.promoinfo.net (the "Scent USA Web Sites").

14. On information and belief, Defendants promote and sell Defendants' Air Fresheners through the Scent USA Web Sites and by other means to customers located in the State of New York.

15. On information and belief, Defendants promote and sell Defendants' Air Fresheners through the Scent USA Web Sites and by other means to customers located in this judicial district.

16. On information and belief, Defendants are doing business in the State of New York.

17. On information and belief, Defendants are doing business in this judicial district.

18. For over 55 years, directly and/or by license from JSL and its predecessors, Plaintiff CFC and its predecessors have manufactured and marketed products using distinctive

Tree designs as trademarks and corporate identifiers (the "Tree Design Marks").  As a result of this long and extensive usage on quality products and this long and extensive usage as corporate identifiers, the distinctive Tree Design Marks are well known and well received.

19. JSL and CFC also have extensively used and promoted the following word marks in connection with their Tree Design Marks and associated products: LITTLE TREE, LITTLE TREES, MAGIC TREE and CAR-FRESHNER.

20. JSL owns the following federal trademark registrations for Tree Design Marks and associated word marks (collectively the "Tree Design and Word Marks"):

| **Mark** | **Registration No.** | **Registration Date** | **Goods/Services** |
| --- | --- | --- | --- |
| (tree design) | 0,719,498 | August 8, 1961 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
| (tree design) | 1,131,617 | March 11, 1980 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
| (tree design) | 1,781,016 | July 13, 1993 | Air freshener, in International Class 5 |

| Mark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| *(tree design)* | 1,791,233 | September 7, 1993 | Air fresheners, in International Class 5 |
| *(tree design)* | 3,766,310 | March 30, 2010 | Air fresheners, in International Class 5; and goods in other classes |
| LITTLE TREE | 1,017,832 | August 12, 1975 | Absorbent bodies impregnated with a perfumed air deodorant, in International Class 5 |
| LITTLE TREES | 1,990,039 | July 30, 1996 | Air fresheners, in International Class 5 |
| MAGIC TREE | 0,798,701 | November 16, 1965 | Absorbent body impregnated with a perfumed air deodorant, in International Class 5 |
| CAR-FRESHNER | 0,675,796 | March 24, 1959 | Absorbent bodies impregnated with a perfumed air deodorant, in International Class 5 |

21.     The above-noted federal registrations for the Tree Design and Word Marks are valid and subsisting.

22.     JSL also has common law trademark rights to the Tree Design and Word Marks,

which are used in commerce in connection with various goods.

23. CFC is a licensee of JSL's common law and registered trademarks that are the subject of this legal action, including those trademarks which are the subject of the registrations identified in paragraph 20 above.

24. The Tree Design and Word Marks are used extensively on and in connection with air fresheners.

25. The Tree Design Marks are famous, the Tree Design and Word Marks are inherently distinctive and/or have acquired distinctiveness, and all of these marks represent valuable goodwill, have gained a reputation for quality belonging exclusively to Plaintiff JSL, and are recognized by the general consuming public of the United States as designations of source for Plaintiffs' products.

26. Plaintiffs' products incorporating and/or bearing the Tree Design and Word Marks are promoted in the marketplace and on the Internet.

**Defendants' Conduct Constitutes Infringement, Unfair Competition
and Dilution as well as a Violation of a Prior Consent Judgment of this Court**

27. In December 2002, CFC and JSL brought an action against Scent USA in this Court entitled *Car-Freshner Corporation and Julius Sämann Ltd. v. Air Fresheners, Inc. d/b/a Scent USA*, Civil Action No. 02-CV-1576 (TJM) (the "Prior Action").

28. CFC's and JSL's claims against Scent USA in the Prior Action involved Scent USA's infringement of many of the same Tree Design and Word Marks alleged in this Complaint.

29. In November 2003, the Court in the Prior Action (McAvoy, J.) entered a Consent Judgment, signed by Warzocha on behalf of Scent USA. A copy of the Consent Judgment is attached as Exhibit A.

30. Among other things, the Consent Judgment prohibits, Scent USA from importing, manufacturing, purchasing, distributing, advertising, promoting or selling air fresheners with:

   a. "any design that infringes or is a colorable imitation of the Tree Design mark";

   b. "a silhouette shape that conveys a commercial impression that is similar to the Tree Design mark";

   c. "a separately identifiable tree design, whether natural or stylized, on the air freshener product or packaging"; or

   d. the marks "LITTLE TREE, LITTLE TREES, MAGIC TREE, CAR-FRESHNER or the phonetic equivalents, with or without punctuation between the words, to promote or refer to air fresheners".

31. Prior to filing this action, Plaintiffs learned that Defendants were promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Air Fresheners in various tree shapes that violate the Consent Judgment as well as infringe upon, unfairly compete with, and/or dilute Plaintiffs' Tree Design Marks ("Defendants' Infringing Air Fresheners").

32. Plaintiffs also learned that Defendants were using as hidden text on one or more of the Scent USA Web Sites, the only purpose of which was to unfairly drive Internet traffic to their sites, substantially identical and/or confusingly similar versions of the LITTLE TREE, LITTLE TREES, MAGIC TREE and CAR-FRESHNER marks ("Defendants' Infringing Word Marks").

33. On information and belief, Defendants have been promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners, and/or have been unfairly promoting Defendants' Infringing Word Marks as hidden web site text, to customers located within the State of New York, this judicial district and elsewhere.

34. On information and belief, Defendants engaged in their unauthorized and complained of conduct with full knowledge of the value and fame of the Tree Design and Word

Marks, and long after the Tree Design Word Marks had become famous.

35. Defendants' promotion and sale, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners, and/or their unfair use of Defendants' Infringing Word Marks as hidden web site text, constitutes use in commerce.

36. Defendants' promotion and sale, through the Scent USA Web Sites and by other means, of Defendants' Infringing Air Fresheners, and/or their unfair use of Defendants' Infringing Word Marks as hidden web site text, are likely to lead to confusion as to the source or origin of Defendants' products, in that purchasers and users of Defendants' Infringing Air Fresheners are likely to believe that they originate from, are sponsored by, are approved by, or in some way are affiliated with Plaintiffs.

37. Defendants have intentionally induced others (*i.e.*, Defendants' customers) to infringe, unfairly compete with and/or dilute the Tree Design Marks, by promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners for use by others.

38. Defendants have continued to supply Defendants' Infringing Air Fresheners to others (*i.e.*, Defendants' customers) with the knowledge that they are engaging in trademark infringement, unfair competition and/or dilution with respect to Plaintiffs' Tree Design Marks.

39. Defendants' promotion and sale, through the Scent USA Web Sites and by other means, of Defendants' Infringing Air Fresheners, and/or their unfair use of Defendants' Infringing Word Marks as hidden web site text, constitutes an injury to Plaintiffs' business reputation.

40. Defendants' promotion and sale, through the Scent USA Web Sites and by other means, of Defendants' Infringing Air Fresheners constitutes dilution of, and further are likely to

- 8 -

cause dilution by blurring and/or dilution by tarnishment of, the distinctive quality of the Tree Design and Word Marks and products associated therewith, regardless of the presence or absence of actual or likely confusion, competition, or actual economic injury to Plaintiffs.

41. Defendants' promotion and sale, through the Scent USA Web Sites and by other means, of Defendants' Infringing Air Fresheners, and/or their unfair use of Defendants' Infringing Word Marks as hidden web site text, constitutes unfair competition and false designation of origin in violation of federal and New York state law.

42. Defendants' promotion and sale, through the Scent USA Web Sites and by other means, of Defendants' Infringing Air Fresheners, and/or their unfair use of Defendants' Infringing Word Marks as hidden web site text, occurred long after Plaintiffs began extensively using the Tree Design and Word Marks on and in connection with various products in commerce in the United States.

43. On information and belief, even after receiving written notification of Plaintiffs' trademark registrations and Plaintiffs' trademark rights, signing an agreement with Plaintiffs, and the entry of a Consent Judgment by this Court, Defendants continued to promote and sell, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners, and/or continued to unfairly use Defendants' Infringing Word Marks as hidden web site text.

44. Plaintiffs have no control as to the quality or commercial use of Defendants' Infringing Air Fresheners and/or Defendants' Infringing Word Marks.

45. The activities of Defendants complained of herein have damaged and are continuing to damage Plaintiffs.

46. On information and belief, the activities of Defendants complained of herein have been committed willfully and intentionally in knowing disregard of Plaintiffs' trademark rights.

47. The wrongful activities of Defendants alleged herein have unjustly enriched Defendants to the damage and detriment of Plaintiffs.

48. The wrongful activities of Defendants alleged herein have irreparably harmed and continue to irreparably harm Plaintiffs, and these activities will continue unless enjoined by this Court.

## COUNT I
### Federal Trademark Infringement

49. Plaintiffs incorporate paragraphs 1-48 above as if fully set forth at length.

50. Defendants' conduct — *i.e.*, promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners, and/or unfairly using Defendants' Infringing Word Marks as hidden web site text — constitutes federal trademark infringement under 15 U.S.C. § 1114(1).

51. During the period in which Defendants are infringing, Plaintiffs have no adequate remedy at law.

## COUNT II
### Federal False Designation of Origin

52. Plaintiffs incorporate paragraphs 1-48 above as if fully set forth at length.

53. Defendants' conduct — *i.e.*, promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners, and/or unfairly using Defendants' Infringing Word Marks as hidden web site text — constitutes federal false designation of origin under 15 U.S.C. § 1125(a).

54. During the period in which Defendants' activities continue, Plaintiffs have no adequate remedy at law.

## COUNT III
## Common Law Trademark Infringement

55. Plaintiffs incorporate paragraphs 1-48 above as if fully set forth at length.

56. Defendants' conduct — *i.e.*, promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners, and/or unfairly using Defendants' Infringing Word Marks as hidden web site text — constitutes trademark infringement under the common law of the State of New York.

57. During the period in which Defendants are infringing, Plaintiffs have no adequate remedy at law.

## COUNT IV
## Common Law Unfair Competition

58. Plaintiffs incorporate paragraphs 1-48 above as if fully set forth at length.

59. Defendants' conduct — *i.e.*, promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners, and/or unfairly using Defendants' Infringing Word Marks as hidden web site text — constitutes unfair competition under the common law of the State of New York.

60. During the period in which Defendants' activities continue, Plaintiffs have no adequate remedy at law.

## COUNT V
## Contributory Trademark Infringement, Unfair Competition and Dilution

61. Plaintiffs incorporate paragraphs 1-48 above as if fully set forth at length.

62. Defendants' conduct — *i.e.*, intentionally inducing others (*i.e.*, Defendants' customers) to infringe, unfairly compete with and/or dilute the Tree Design Marks, by promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners — constitutes contributory trademark infringement, unfair competition and/or

dilution under federal and state law.

63.     Defendants' conduct — *i.e.*, continuing to supply Defendants' Infringing Air Fresheners to others (*i.e.*, Defendants' customers) with knowledge that they are engaging in trademark infringement, unfair competition and/or dilution — constitutes contributory trademark infringement, unfair competition and/or dilution under federal and state law.

64.     During the period in which Defendants' activities continue, Plaintiffs have no adequate remedy at law.

## COUNT VI
## Federal Dilution

65.     Plaintiffs incorporate paragraphs 1-48 above as if fully set forth at length.

66.     Defendants' conduct — *i.e.*, promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners — creates an association between Plaintiffs and/or their products on the one hand, and Defendants and/or Defendants' products on the other hand, arising from the Defendants' use of the unauthorized tree designs that impair the distinctiveness of Plaintiffs' famous and distinctive Tree Design Marks.

67.     Defendants' conduct — *i.e.*, promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners — creates an association between Plaintiffs, Plaintiffs' Tree Design Marks and/or Plaintiffs' products on the one hand, and Defendants and/or Defendants' products on the other hand, arising from the similarities between the parties' respective marks that harms the reputation of Plaintiffs' famous and distinctive Tree Design Marks.

68.     Defendants' conduct — *i.e.*, promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners — is likely to cause dilution by blurring and/or dilution by tarnishment of Plaintiffs' famous and distinctive Tree Design Marks,

regardless of the presence or absence of actual or likely confusion, competition, or actual economic injury.

69. Defendants' conduct constitutes dilution under 15 U.S.C. § 1125(c).

70. During the period in which Defendants' activities continue, Plaintiffs have no adequate remedy at law.

## COUNT VII
### Trademark Dilution – New York State Law

71. Plaintiffs incorporate paragraphs 1-48 above as if fully set forth at length.

72. The Tree Design and Word Marks are distinctive, and have enjoyed such distinctiveness since long before the time Defendants commenced promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners, and/or unfairly using Defendants' Infringing Word Marks as hidden web site text.

73. Defendants' promoting and selling, through the Scent USA Web Sites and by other means, Defendants' Infringing Air Fresheners, and/or unfairly using Defendants' Infringing Word Marks as hidden web site text, are likely to injure the business reputation and/or dilute the quality of the Tree Design Marks.

74. By virtue of the foregoing, Defendants' Infringing Air Fresheners, and/or the use of Defendants' Infringing Word Marks as hidden web site text, lessen the capacity of Plaintiffs' Tree Design Marks to identify and distinguish Plaintiffs' goods and blur the source-identifying capacity of Plaintiffs' Tree Design and Word Marks, resulting in a likelihood of dilution of the distinctive quality of Plaintiffs' Tree Design and Word Marks.

75. Defendants' activities as described above constitute injury to Plaintiffs' business reputation and dilution of the distinctive quality of Plaintiffs' Tree Design and Word Marks, in

violation of Section 360-l of the New York General Business Law.

76. During the period in which Defendants' activities continue, Plaintiffs have no adequate remedy at law.

## COUNT VIII
### Violation of Consent Judgment and Agreement of the Parties

75. Plaintiffs incorporate paragraphs 1-48 above as if fully set forth at length.

76. This Court's Consent Judgment in the Prior Action was clear and unambiguous.

77. Defendants' non-compliance with this Court's Consent Judgment in the Prior Action is clear and convincing.

78. Defendants have not diligently attempted to comply with this Court's Consent Judgment in the Prior Action.

79. Defendants are in contempt of this Court's Consent Judgment in the Prior Action.

80. The document entitled "Consent Judgment," which was signed by Defendant Warzocha on behalf of Scent USA on September 22, 2003, with a corporate verification by a Notary Public, is a binding agreement of the parties.

81. Defendants are in breach of the agreement between the parties, which was signed by Defendant Warzocha on behalf of Scent USA on September 22, 2003.

### Relief Requested

Plaintiffs respectfully request:

a. An injunction temporarily, preliminarily and permanently enjoining Defendants, including their respective directors, officers, employees, agents, affiliated or otherwise related companies, suppliers, customers and their successors and assigns from violating Plaintiffs' Tree and Word Design Marks, or using any colorable imitation(s) thereof, and from procuring,

manufacturing, advertising, distributing, licensing and/or selling any air freshener products or other merchandise associated therewith, and from any other continued acts of trademark infringement, false designation of origin, unfair competition, or dilution, directly, contributorily, or otherwise;

     b.     An Order and Judgment directing Defendants to remove any and all images of Defendants' Infringing Air Fresheners, uses of Defendants' Infringing Word Marks, or any colorable imitation(s) of Plaintiffs' Tree Design and Word Marks, from all products, the Scent USA Web Sites, as well as any other web sites or promotional materials, whether electronic, printed or otherwise, under the direct or indirect dominion and control of Defendants;

     c.     An award of Defendants' profits and a trebling thereof;

     d.     An award of Plaintiffs' damages and a trebling thereof;

     e.     An award of punitive damages for Defendants' acts of common law trademark infringement and common law unfair competition;

     f.     The seizure, delivery and destruction of Defendants' Infringing Air Fresheners and all materials that infringe and/or dilute Plaintiffs' Tree Design and/or Word Marks;

     g.     Plaintiffs' attorneys' fees because this is an exceptional case;

     h.     Prejudgment interest;

     i.     Plaintiffs' costs;

     j.     The remedies provided in this Court's Consent Judgment in the Prior Action;

     k.     The remedies provided in the agreement between the parties, entitled "Consent Judgment"; and

     l.     Such other and further relief as the Court deems appropriate.

Respectfully submitted,

MACKENZIE HUGHES LLP

Dated:  December 9, 2010        By:     */s/ Nancy L. Pontius*
                                        Nancy L. Pontius [102379]
                                        101 South Salina Street, Suite 600
                                        P.O. Box 4967
                                        Syracuse, New York 13221-4967
                                        Telephone: (315) 233-8281
                                        Facsimile: (315) 426-8358
                                        npontius@mackenziehughes.com

                                        Roberta S. Bren [501683]
                                        Jonathan Hudis [507478]
                                        OBLON, SPIVAK, McCLELLAND,
                                        MAIER & NEUSTADT, L.L.P.
                                        1940 Duke Street
                                        Alexandria, Virginia  22314
                                        Telephone: (703) 413-3000
                                        Facsimile: (703) 413-2220
                                        rbren@oblon.com
                                        jhudis@oblon.com

                                        Attorneys for Plaintiffs
                                        Car-Freshner Corporation and
                                        Julius Sämann Ltd.

RSB/JH/klb {4759718_1.DOC}

**JURY DEMAND**

Pursuant to Rules 38(b) and 38(c), Fed. R. Civ. P., Plaintiffs herein request a trial by jury for all issues so triable.

Respectfully submitted,

MACKENZIE HUGHES LLP

Dated: December 9, 2010         By:    */s/ Nancy L. Pontius*
Nancy L. Pontius [102379]
101 South Salina Street, Suite 600
P.O. Box 4967
Syracuse, New York 13221-4967
Telephone: (315) 233-8281
Facsimile: (315) 426-8358
npontius@mackenziehughes.com

Roberta S. Bren [501683]
Jonathan Hudis [507478]
OBLON, SPIVAK, McCLELLAND,
MAIER & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, Virginia 22314
Telephone: (703) 413-3000
Facsimile: (703) 413-2220
rbren@oblon.com
jhudis@oblon.com

Attorneys for Plaintiffs
Car-Freshner Corporation and
Julius Sämann Ltd.