```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------x
CAR-FRESHNER CORPORATION
and JULIUS SAMANN LTD.,
                    Plaintiffs,

vs.                                 10-CV-1491

AIR FRESHENERS, INC., d/b/a
SCENT USA and SLAWOMIR M. WARZOCHA
a/k/a MICHAEL WARZOCHA,

                    Defendants.
--------------------------------------x
```

Transcript of *Digitally Recorded Telephone Conference* held on November 27, 2012, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

```
For Plaintiffs:     OBLON, SPIVAK, MCLELLAND, MAIER & NEUSTADT
                    Attorneys at Law
                    1940 Duke Street
                    Alexandria, VA 22314
                      BY:  JONATHAN HUDIS, ESQ.
                           ROBERTA S. BREN, ESQ.

                    HANCOCK & ESTABROOK, LLP
                    Attorneys at Law
                    100 Madison Street
                    Syracuse, New York 13202
                      BY:  ASHLEY D. HAYES, ESQ.

For Defendants:     ZAWISNY & ZAWISNY, P.C.
                    Attorneys at Law
                    578 Driggs Avenue
                    Brooklyn, New York 11211
                      BY:  MARK T. ZAWISNY, ESQ.
```

*Eileen McDonough, RPR, CRR*
*(315)234-8546*

```
1                THE CLERK:  This is Shelly with Judge Peebles
2    chambers recording this conference call.  The case is
3    Car-Freshner versus Air Fresheners; 10-cv-1491.  Counsel,
4    please note your appearance for the record.
5                MR. HUDIS:  Jonathan Hudis for the plaintiffs.
6                MS. BREN:  With Roberta Bren.
7                MR. ZAWISNY:  Mark Zawisny for the defendants.
8                MS. HAYES:  Ashley Hayes also for the
9    plaintiffs.
10               THE COURT:  Counsel, I have before me a motion
11   to compel discovery filed by plaintiff Car-Freshner
12   Corporation, docket number 39.  I did not receive any
13   response.  Mr. Zawisny, did you file any response to the
14   motion?
15               MR. ZAWISNY:  I didn't get a motion.  I don't
16   know about a motion.  All we filed with the Court, Your
17   Honor, was the letter.
18               THE COURT:  It shows a copy to you,
19   Mr. Zawisny.  Did you not receive the letter dated
20   November 8, 2012?
21               MR. ZAWISNY:  No, Your Honor, I haven't.  The
22   only thing I know is I saw the court order that Your Honor
23   did that day for a conference to update a reference to
24   discovery requests.  I sent discovery to the plaintiff
25   yesterday morning, and that's it.  If there was a letter
```

1   sent, I have yet to go through it, just a one page letter.
2               MR. HUDIS:  Your Honor, we filed that letter
3   with you electronically.  Mr. Zawisny is on the distribution
4   list.
5               MS. BREN:  And it was filed with the
6   transcript.
7               THE COURT:  Yes.  For the record, I did
8   receive and review in its entirety the transcript of
9   Mr. Warzocha's deposition dated October 22, 2012.
10              In sum and substance, Mr. Zawisny, the
11  plaintiff is requesting based on the inability of your
12  client, Mr. Warzocha, to answer some basic questions about
13  the finances and sales of his associated with the defendant.
14  They're requesting that, A, the documents requested during
15  his deposition be produced.  And we can discuss these in turn
16  in a moment.  B, that the defendant be required to produce
17  Mr. Warzocha for continued deposition, Ms. Warzocha as
18  president of Scent USA, and Mr. Joseph Fiet, the Treasurer
19  and Accountant of Scent USA, and they're requesting an award
20  of costs and attorneys fees due to lack of compliance.
21              Let's take issue number one.  You say that you
22  have provided discovery.  What discovery have you provided to
23  the plaintiff?
24              MR. ZAWISNY:  Well, I went through a list.
25  Pretty much the entire list I was provided we e-mailed to

4

1  Mr. Hudis yesterday morning.  We could go through the list.
2              MR. HUDIS:  I was going to ask, Your Honor, if
3  you wanted us to do that.
4              MR. ZAWISNY:  And if there is any
5  deficiencies, we can discuss it and we can make --
6              THE COURT:  I don't know if that would be the
7  most productive way to proceed or if I should ask the two of
8  you to confer and see whether you're in agreement that
9  everything requested has been produced.  If not, what remains
10 and whether you can reach agreement to voluntarily produce
11 the additional missing documents.
12             MR. ZAWISNY:  I have no further problem doing
13 that.
14             MS. BREN:  I think the only problem is that
15 we've been through this I think this is the third or fourth
16 round trying to get the documents, and we understand it's not
17 counsel's fault, but we don't have all the documents.  So I'm
18 not sure that we can come to an easy agreement on this.
19             MR. ZAWISNY:  If there is documents missing
20 and if you can advise which ones are missing, we'll get them
21 to you.  I think pretty much what we agreed to upon at the
22 deposition, I know it's later than we expected for a lot of
23 different reasons, but I think that most of the documents
24 were sent over to the best of our abilities.
25             MR. HUDIS:  Your Honor, if I could speak to

1  that.  There was a list that we sent to Mr. Zawisny, it's
2  attached to the letter that we filed with you detailing what
3  we wanted.  Approximately half the items we requested we got
4  in some form.  The other half we have not gotten at all.  And
5  there is further trouble in the curious reference that
6  specifically some of the pieces of information that we need
7  provide to Judge Suddaby have apparently either been
8  irretrievably lost or destroyed.
9              MR. ZAWISNY:  Which documents are we talking
10 about?
11             MR. HUDIS:  These are the production logs.
12 And what Mr. Zawisny said in explanation was one of
13 Mr. Warzocha's employees made a search and apparently records
14 that were kept in Europe 2009 and prior, which is what we
15 were really going after, they could not retrieve because of a
16 computer crash.  When equivalent documents for current sales,
17 because we said not all the sales documents were provided,
18 were looked for in Las Vegas in their paper records,
19 apparently those paper records were destroyed,
20 notwithstanding that this litigation has been ongoing for,
21 what, since late 2010.
22             MR. ZAWISNY:  The production logs, my client
23 is the one who during the deposition made you aware of that
24 there were work production logs and he agreed to turn them
25 over, which he gave me everything he had of the production

1   logs, documents that ties to the deposition he was
2   forthcoming and told you, yes, there is something called
3   production logs and at that point he phoned it over and I
4   forwarded it to you.  You're saying that something's missing
5   out of it, I'm just giving you what he has.  Prior to 2010
6   his business was in Poland for three years.
7              MS. BREN:  Well, he had a place of business in
8   Las Vegas and that's where his company was located and so on.
9              MR. ZAWISNY:  If you want to further ask
10  questions on that, my client will answer them as best he can.
11  If you want to ask questions as to his bookkeeper or
12  accountant or his wife or anybody in the company, we'll
13  answer the questions.  I have no problem answering all the
14  questions that there are.  If there is further documents we
15  need, we'll forward them over if they have them.
16              I know Mr. Warzocha has been in this for a
17  very long time, but, again, he is not a big company.  We're
18  talking about a company with gross sales of about a million
19  dollars a year.  Doesn't mean it's small, but we're not
20  talking about hundreds and hundreds people of staff.  He case
21  to his deposition, he answered the questions to the best of
22  his ability.  Whatever he didn't know, if you want to ask
23  further questions as to those points, we will answer them and
24  we'll provide.
25              MR. HUDIS:  Your Honor, on his deposition I'm

1  hearing counsel represent that he is willing to have us
2  redepose Mr. Warzocha, depose Mr. Fiet and to depose Barbara
3  Warzocha.  The documents that were given to us for the first
4  time yesterday also identify an employee whose last name is
5  Ms. Eldridge, and apparently she has been the person tasked
6  with going after researching these documents and producing
7  whatever they have.  So, I hear counsel representing that
8  these witnesses will be produced and we are glad to take
9  them.
10              MR. ZAWISNY:  That's not what I'm saying.
11 What I'm saying is, first of all, my client at the deposition
12 left a vacation, flew for 19 hours to come here to do a
13 deposition.  He came an hour late.  I was there earlier.  He
14 spent the entire day being deposed, willing to stay later,
15 jumped on a plane and went home to a great expense to him.
16 If you're now telling me that you want to depose his wife,
17 his bookkeeper, a secretary and himself, what I'm trying to
18 say is maybe we can circumvent some of those expenses to all
19 of us and send a set of questions, ask specific questions,
20 send them, they'll answer them.  I don't know why we need all
21 of these people here.  If there is questions as to any
22 questions you want answered, we'll answer.  If you want to
23 depose --
24              MR. HUDIS:  I think we've made our record in
25 writing and before you on this telephone call.  Unless you

1  have questions for us, we're ready to let you rule.
2              THE COURT:  Well, here's what I propose.  With
3  regard to documents, I propose that the two of you confer as
4  to what has been produced, what has not, and what might still
5  be available, and file jointly with the Court by close of
6  business on Friday, November 30th, the positions as to
7  whether there are outstanding documents that have yet to be
8  produced.  I propose a follow-up conference next week to
9  address that issue.
10             I propose immediately ordering that
11 Ms. Warzocha, Mr. Warzocha and Mr. Fiet appear for
12 deposition.  I reviewed, as I indicated, from beginning to
13 end Mr. Warzocha's deposition.  I was unimpressed with his
14 recollection of key facts, and it is clear to me that most of
15 the information or much of the information that the
16 plaintiffs are looking for in order to ascertain damages
17 rests with Ms. Warzocha and, more importantly, Mr. Fiet.
18             The question is where should they be produced
19 and when can we get their depositions taken.  I understand
20 both of them may be located Las Vegas.
21             MR. ZAWISNY:  All three of them are in
22 Las Vegas, Your Honor.
23             THE COURT:  So, I guess that begs the question
24 of where they should be deposed.  Ordinarily, a defendant not
25 choosing to be sued in this jurisdiction would be deposed

1   presumably at their place of business.  I understand that
2   plaintiffs may take a different view.
3                   What is your view as to where these
4   depositions should occur and who should undertake the
5   expense?
6                   MR. HUDIS:  Your Honor, we would like the
7   depositions to be taken in Manhattan, preferably on the first
8   week of January.
9                   MS. BREN:  And because this is the second set
10  of depositions, at least as to Mr. Warzocha, we're also
11  looking for attorneys fees and costs.
12                  THE COURT:  Understood.
13                  MR. HUDIS:  It's six of one, half a dozen of
14  the other, Your Honor.  It's either the three witnesses come
15  to New York or Mr. Zawinsny gets on a plane and he goes
16  there.  Either way they're going to be paying out of pocket.
17  But my partner, Ms. Bren, has a point about this is the
18  second time.  Mr. Warzocha should have taken his first
19  deposition more seriously and being prepared and shown up on
20  time when he was deposed.
21                  MS. BREN:  One slight addition is that the
22  date that was chosen for the deposition was done to
23  accommodate Mr. Warzocha.  We had scheduled it initially for
24  other dates and this was the date that we were asked to
25  accommodate him on and we did.

1            MR. ZAWISNY:  He was there.  He was an hour
2   late, but he was there, he was willing to stay later.  If you
3   wanted to depose his wife or the bookkeeper, you could have
4   asked that and they could have came.  But asking him to pay
5   for everybody now, it's just not fair.
6            MS. BREN:  There was a 30(b)(6) deposition
7   notice and he was not prepared to testify on the subjects
8   that he should have been prepared to testify on.
9            MR. ZAWISNY:  He answered the best that he
10  knew.  He wasn't declining anything.  If you wanted to get it
11  out of his bookkeeper, you could have deposed her.
12           MR. HUDIS:  Your Honor --
13           THE COURT:  I've heard enough.  As I
14  indicated, I reviewed the deposition transcript.  I was
15  appalled to learn that Mr. Warzocha had never laid eyes on
16  the 30(b)(6) notice which contained the subjects that were
17  designated for deposition.
18           MR. ZAWISNY:  That's because I sent him an
19  e-mail of all of the points that were there.  He was handed a
20  deposition notice and said did you see this.  He said, no, he
21  didn't.  He knew exactly every point that was there because
22  we had been exchanging e-mails and we've been talking about
23  it on the phone many times.
24           THE COURT:  Well, he indicated that he took
25  ten minutes to prepare for the deposition with you, he

1  reviewed no documents in preparation for the deposition.  In
2  my view that was an unsatisfactory 30(b)(6) deposition that
3  needlessly resulted in expense to the plaintiff.
4          I will order that Mr. Warzocha, Ms. Warzocha
5  and Mr. Fiet appear for deposition in New York City the first
6  week in January at dates to be mutually agreed upon.  If they
7  cannot, then parties can apply to the Court for an order.  I
8  will schedule a telephone conference for next week.  I'll
9  have my courtroom deputy contact you Tuesday or Wednesday to
10 address where we are in document production.
11         I will reserve decision for now on the issue
12 of costs and attorneys fees to gauge the level of cooperation
13 from here forward by the defendants.
14         And that is my ruling.  I'll issue an order
15 shortly memorializing it.
16         Anything further?  Thank you all.  Have a good
17 afternoon.
18         MR. HUDIS:  Thank you, Your Honor.
19
20              *              *         *

C E R T I F I C A T I O N

        I, EILEEN MCDONOUGH, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, DO HEREBY CERTIFY that I transcribed the foregoing proceedings from a digital recording, and that the foregoing is a true and correct transcript thereof.

                                        _____  
                                        EILEEN MCDONOUGH, RPR, CRR  
                                        Official U.S. Court Reporter